# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEITH KIRGAN, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 19−cv–00779−NJR |
| DANIEL Q. SULLIVAN, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Keith Kirgan, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Big Muddy River Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his felony criminal sexual assault and criminal sexual abuse convictions in Marion County, Illinois. *See People v. Kirgan*, Case No. 09-CF-339 (4th Judicial Circuit).

The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Without commenting on the merits of Kirgan's claim, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b). Given the limited record, it is not plainly apparent that Kirgan is not entitled to habeas relief.

**IT IS HEREBY ORDERED** that Respondent Sullivan shall answer or otherwise plead **on or before October 31, 2019**.[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the Illinois

---

[1] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

1

Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk of Court (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 1, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**